IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN WESLEY, | No. C-07-0006 MMC |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED** |
| v. | |
| DICK, MORGANTI, NIBBI, JV, THE UNITED STATES OF AMERICA, and DOES 1 TO 100, | |
| Defendants / | |

On January 3, 2007, plaintiff filed the instant action, alleging a negligence claim arising from an accident occurring on January 5, 2003, against two named defendants: (1) Dick, Morganti, Nibbi, JV, and (2) the United States. On March 21, 2007, plaintiff voluntarily dismissed without prejudice her claims against the United States. On July 5, 2007, plaintiff voluntarily dismissed without prejudice her claims against Dick, Morganti, Nibbi, JV.[1] Although no named defendant remains in the instant action, plaintiff asserts the instant action remains properly before the Court in light of plaintiff's having alleged claims against "Doe" defendants. (See Pl.'s Case Management Conference Statement, filed

---

[1] Thereafter, on September 11, 2007, plaintiff filed a new complaint, re-alleging the same negligence claim against the United States. See Wesley v. United States, C 07-4685 MMC. On November 16, 2007, both the instant action and the action filed by plaintiff on September 11, 2007 were reassigned to the undersigned.

October 5, 2007, ¶ 5.)

The only basis for jurisdiction alleged by plaintiff is the existence of a federal question, specifically, plaintiff's claim against the United States, (see Compl. ¶ 1); plaintiff fails to expressly allege any basis for jurisdiction over her claims against the "Doe" defendants. Because plaintiff cannot establish the existence of diversity jurisdiction over a claim against a "Doe" defendant, see Garter-Bare Co. v. Munsingwear, Inc., 650 F. 2d 975, 981 (9th Cir. 1980) (holding inclusion of "Doe" defendant "destroys" diversity), it would appear the only possible remaining basis for jurisdiction over plaintiff's claims against the "Doe" defendants would be supplemental jurisdiction. The Court, however, declines to exercise supplemental jurisdiction over any claim against a "Doe" defendant, in light of the March 21, 2007 dismissal of the sole federal claim alleged herein. See 28 U.S.C. § 1367(c)(3).

Accordingly, plaintiff is hereby DIRECTED to show cause, in writing and no later than December 7, 2007, why the remaining claims in the instant action should not be dismissed.

**IT IS SO ORDERED.**

Dated: November 27, 2007

_____
MAXINE M. CHESNEY
United States District Judge